Per Curiam.
The “ First Separate and Distinct Defense, and as a First Counterclaim ” in Action No. 1 is not good as a defense or counterclaim.
It cannot be a defense to the first count in the complaint, which is a suit on a Massachusetts judgment, as there is no claim that the judgment is not entitled to recognition under the full faith and credit clause of the Federal Constitution (art. IV, § 1). It is not a defense to the second count against defendant, Damsky, for work, labor and services. No allegation is contained in the defense that section C of article V of the agreement dated August 16, 1946, is not binding on the parties, nor is there any denial of liability on this count in the defense. The third and fourth counts grow out of plaintiff Winthrop Products Corporation’s use and occupancy of the leased factory buildings at Turners Falls, Massachusetts. There is no apparent or conceivable connection between the allegations contained in the first defense and these two counts.
The counterclaim is asserted by defendant, Elite Wood Products Corp., for damages it claims to have suffered because of the fraud and connivance of the plaintiffs, which rendered worthless its 1100 shares of preferred stock in plaintiff Winthrop Products Corporation. Elite Wood Products Corp. as an individual stockholder has no right of action in its own behalf against one who had injured the corporation. Waste and mismanagement, such as are alleged in the counterclaim here, are wrongs to the corporation and must be redressed by or on behalf of the corporation.
The defense and counterclaim as pleaded in Action No. 2 are sufficient as it is alleged therein that the contract of August 16, 1946, does not express the true agreement of the parties due to mistake and fraud and that reformation to conform to the true agreement of the parties is therefore sought. (Susquehanna S. S. Co. v. Andersen & Co., 239 N. Y. 285.)
In Action No. 1 the order should be reversed and the motion to dismiss the first counterclaim and to strike out the first defense of the defendants Bernard Damsky and Elite Wood Products Corp. granted.
In Action No. 2 the order should be affirmed.
Grlennon, J. P., Dore, Cohn, Callahan and Shientag, JJ., concur.
Order appealed from in Action No. 1 unanimously reversed and the motion to dismiss the first counterclaim and to strike out the first defense of the defendants Bernard Damsky and Elite Wood Products Corp. granted; order appealed from in Action No. 2 unanimously affirmed.